**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-4086

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

        v.

JAMES LAMONT MARSHALL,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (4:08-cr-00017-FL-1)

Submitted:  November 30, 2010       Decided:  December 3, 2010

Before WILKINSON, KEENAN, and WYNN, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.   Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Lamont Marshall pled guilty to possession of a firearm after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) (2006). The district court sentenced Marshall to a total of 168 months of imprisonment, and Marshall now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising one sentencing issue but stating that there are no meritorious issues for appeal. Marshall was informed of his right to file a pro se supplemental brief, but he did not do so. The Government has filed a motion to dismiss Marshall's appeal of his sentence based on Marshall's waiver of his right to appeal in the plea agreement. For the reasons that follow, we affirm in part and dismiss in part.

A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2006). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). This court reviews the validity of an appellate waiver de novo and will enforce the waiver if it is valid and the issue appealed is within the scope thereof. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver. Id. at 169. Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United

States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). We have thoroughly reviewed the record and conclude that Marshall knowingly and intelligently waived the right to appeal his sentence. Because the issue raised on appeal falls within the scope of the waiver, we grant the Government's motion to dismiss in part and dismiss the appeal of Marshall's sentence.

The waiver, however, does not preclude our review of the conviction. We have examined the entire record in accordance with the requirements of Anders and have found no unwaived and meritorious issues for appeal. We therefore deny in part the Government's motion to dismiss and affirm Marshall' conviction.

This court requires that counsel inform Marshall, in writing, of the right to petition the Supreme Court of the United States for further review. If Marshall requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Marshall. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART
